32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Victor KESSELL, Appellant.
 No. 94-1140.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 19, 1994.
Filed: August 3, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Victor Kessell pleaded guilty to distributing crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B). The district court[1] sentenced him to 235 years imprisonment and four years supervised release. He appeals his sentence, arguing that the district court clearly erred in determining the quantity of drugs attributable to him for sentencing purposes. Specifically, he argues that the court erred in including in its drug quantity finding 848.91 grams of crack cocaine found in the residence of an unindicted individual. We affirm.
 
 
 2
 A defendant who challenges a district court's drug quantity finding faces a difficult burden on appeal. We will reverse the district court only if we are left with a firm and definite conviction that a mistake has occurred. United States v. Tran, 16 F.3d 897, 905 (8th Cir. 1994).
 
 
 3
 The evidence before the district court indicated that, on four different occasions, Kessell was placed at the residence where the 848.91 grams of crack cocaine was located. On each occasion, a crack cocaine transaction for which Kessell was held liable occurred either shortly before or shortly after he was placed at the residence. Based on this and other evidence in the record, we cannot say that we are left with a firm and definite conviction that the district court mistakenly included in its drug quantity finding the crack cocaine seized from that residence. Cf. id. (crack cocaine found in restaurant and house properly attributable to defendant who had key to dispenser in restaurant where drug was kept and had keys to house).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri