_____

No. 96-1116

_____

Victor Kessell,                         *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Western District of Missouri.
United States of America,               *
                                        *        **[UNPUBLISHED]**
            Appellee.                   *


_____

                Submitted:  July 25, 1996

                  Filed:  August 12, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


    Victor Kessell pleaded guilty to distributing crack cocaine, in
violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  The district court[1]
sentenced him to 235 months in prison and four years supervised release.
We affirmed Kessell's sentence on direct appeal, rejecting his challenge
to the district court's drug-quantity finding.  See United States v.
Kessell, No. 94-1140, 1994 WL 399563 (8th Cir. Aug. 3, 1994) (unpublished
per curiam).  Kessell then brought this 28 U.S.C. § 2255 motion to vacate
his sentence.  The district court denied the motion.  Kessell appeals, and
we affirm.


    Kessell argues that his three prior burglary convictions constituted
one "related" case for purposes of calculating his

_____

    [1]The HONORABLE FERNANDO J. GAITAN, JR., United States District
Judge for the Western District of Missouri.

criminal history, because they were not separated by "intervening" arrests and he received concurrent sentences on the same day; that he was not responsible for much of the crack cocaine attributed to him for sentencing; and that the district court failed to make specific findings on the drug quantity issue, in violation of Federal Rule of Criminal Procedure 32. These issues were raised or should have been raised in Kessell's unsuccessful direct appeal.  In any event, they are without merit.

Kessell also argues that he received ineffective assistance of counsel during sentencing and on direct appeal because counsel failed to raise and adequately argue the above issues.  However, as these claims are without merit, Kessel cannot show he was prejudiced by the counsel's alleged deficiencies.  See Strickland v. Washington, 466 U.S. 668, 687, 690 (1984).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.